# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| HARRIS FARMS, LLC, | : | Case No. 1:21-cv-10 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| MADISON TOWNSHIP TRUSTEES, *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING MOTION TO REMAND (DOC. 3)

This civil case is before the Court on Plaintiff Harris Farms, LLC's motion to remand to state court (Doc. 3) and Defendants Madison Township Trustees, Donald Lambert, James Preston, and Christopher Rase's (collectively, "Madison Township") memorandum in opposition (Doc. 8). Harris Farms did not file a reply.

## I. BACKGROUND

The following state court procedural background is taken from the pleadings filed with Madison Township's notice of removal. (*See* Doc. 1-2).

On March 1, 2017, Harris Farms filed its first complaint in the Scioto County Court of Common Pleas, seeking an injunction and damages against Madison Township related to alleged land slippage. Madison Township moved for judgment on the pleadings against Madison Township, which was denied by the state trial court. Madison Township appealed. On October 3, 2018, the Court of Appeals of Ohio Fourth Appellate District affirmed in part and overruled in part.

On September 18, 2020, Harris Farms retained new counsel. On November 10, 2020, Harris Farms moved to amend its complaint, which Madison Township opposed. On December 8, 2020, the state court granted the motion, and Harris Farms filed an Amended Complaint three days later.

Madison Township then filed a notice of removal, arguing that Harris Farms' Amended Complaint now raises an issue of federal question and therefore subject matter jurisdiction is proper before this Court. (Doc. 1). Pertinent to this motion for remand, Harris Farms' Amended Complaint added a second claim, which asserts: "Defendant's [sic] actions amounts [sic] to taking by the Defendants of the Plaintiff's property, in as much as his property has decreased in value and use." (Doc. 7 at ¶ 9). Harris Farms does state under what law it brings this claim. (*Id.*)

Harris Farms now moves to remand to state court, arguing its claims only arise under the Ohio Constitution and Ohio law. (Doc. 3). Madison Township opposes, arguing that the "taking" referenced in Harris Farms' Amended Complaint amounts to a claim under the Fifth and Fourteenth Amendments of the United States Constitution. (Doc. 8).

## II. STANDARD OF REVIEW

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Because removal raises significant federalism concerns, federal courts must strictly construe such jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*,

2

478 U.S. 804, 808 (1986). A federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Madison Township removes this action under this Court's original jurisdiction as to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1441(a), 1441(c). "The 'arising under' gateway into federal court has two distinct portals." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). This Court has original jurisdiction if Plaintiff's well-pleaded complaint establishes that either federal law creates the cause of action, or that Plaintiff's right to relief involves the resolution or interpretation of a substantial question of federal law. *Id.*

The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)). Because the plaintiff is the master of the complaint, the fact that a claim could be stated under federal law does not prevent a plaintiff from only stating it under state law. *Eastman*, 438 F.3d at 550.

### III. ANALYSIS

When reading the Amended Complaint on its face, adhering to strict removal jurisdiction, and favoring state court jurisdiction, this case must be remanded.

Madison Township contends that when Harris Farms amended its complaint to include a second claim, Harris Farms asserted a takings claim arising under the Fifth and Fourteenth Amendments of the United States Constitution. (Doc. 1). Madison Township

3

argues that because Harris Farms' Amended Complaint defaults under Ohio law, there is no other possible claim and Harris Farms must be asserting a federal question.[1] Madison Township asks this Court to look past the face of Harris Farms' Amended Complaint – which does not cite nor refer to the takings clause or any federal law – and infer that Harris Farms asserted such a federal claim.

The Court disagrees. Harris Farms is the master of its complaint. *Eastman*, 438 F.3d at 550. Considering the face of Harris Farms' Amended Complaint, this Court cannot say that a federal question is presented. *Loftis*, 342 F.3d at 514. Harris Farms' Amended Complaint is devoid of allegations suggesting that Harris Farms intentionally (or even impliedly as Madison Township argues) brought a federal claim. Conversely, in its motion to remand, Harris Farms states, in no uncertain terms, that it intends to bring its action under state law: "This is a State case brought under the State Constitution. . . . [T]his is by no means a Federal case involving the U.S. Constitution, but a rather a State case involving the State Constitution." (Doc. 3 at 2).[2]

It would be improper for this Court to infer that Harris Farms alleged a federal question when it did not. This Court recognizes that Harris Farms' Amended Complaint, on its face, is unclear under what law it is bringing its claims. However, even if there is

---

[1] This Court is not deciding the merits of Madison Township's argument that Harris Farms failed to follow appropriate procedures to bring its claim under Ohio law – that is the province of the state court to decide.

[2] "Once litigation commences, a party typically is bound by its action, whether it be a statement in a pleading, an admission during discovery, or an argument to the court by its counsel." *Borror Prop. Mgmt., LLC v. Oro Karric N., LLC*, 979 F.3d 491, 495 (6th Cir. 2020) (internal citations omitted).

4

doubt on a federal versus state constitutional claim, the Court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. *Shamrock Oil*, 313 U.S. at 108–09.

Accordingly, Madison Township has not met its burden of proof in establishing the existence of federal subject matter jurisdiction. Therefore, this civil action must be remanded for resolution in state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV.  CONCLUSION

Accordingly, for the foregoing reasons: (1) Plaintiff's motion to remand (Doc. 3) is **GRANTED**; (2) the case is **REMANDED** to the state court from which it was removed; and (3) this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date:   3/10/2021               *s/Timothy S. Black*
                                Timothy S. Black
                                United States District Judge

5